UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BOARDS OF TRUSTEES OF THE
INSURANCE, ANNUITY, SCHOLARSHIP,
AND APPRENTICESHIP TRAINING FUNDS
OF SHEETMETAL WORKERS'
INTERNATIONAL ASSOCIATION, LOCAL
UNION NO. 137,

                           Plaintiffs,

                     - against -

LIBERTY SIGNS, INC.,

                          Defendant.
----------------------------------------------------------X

**REPORT AND RECOMMENDATION**

CV 10-1737 (ADS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.**    **PRELIMINARY STATEMENT**

Plaintiffs commenced this action against Defendant Liberty Signs, Inc. ("Liberty Signs" or "Defendant") seeking to collect delinquent employee benefit plan contributions owed by Defendant. DE 1. Plaintiff moved for a default judgment against Defendant after it failed to answer or otherwise move in response to the Complaint. DE 5. Judge Spatt entered a default judgment against Defendant and referred this matter to me for an inquest to determine and recommend what damages, if any, are appropriate, including attorney's fees. DE 8.

**II.**    **BACKGROUND**

Plaintiffs in this action are the Boards of Trustees for the Insurance, Annuity, Scholarship and Apprenticeship Training Funds of the Sheetmetal Workers' International Association, Local Union No. 137 ("Plaintiffs" or the "Funds"). The Funds are jointly administered employee benefit plans within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3). DE 1 ¶ 4. Defendant is

engaged in the sign business and is an "employer" for purposes of ERISA. Id., ¶ 5. Plaintiffs and Defendant are parties to a collective bargaining agreement ("CBA") which requires Defendant to make timely contributions to the Funds for employees covered under the CBA. Id., ¶¶ 6-7. Plaintiffs allege that between January 1, 2009 and August 31, 2009, Defendant failed to make the required contributions for work performed by covered employees under the terms of the CBA. Id. ¶ 8.

### III. APPLICABLE STANDARD

A default constitutes an admission of all well-pleaded factual allegations in the complaint and the allegations as they pertain to liability are deemed true. *Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993)); *BMG Music v. Pena*, No. 05-CV-2310, 2007 WL 2089367, at *2 (E.D.N.Y. July 19, 2007).

A default judgment entered on the well-pleaded allegations in the complaint establishes a defendant's liability. *See Garden City Boxing Club, Inc. v. Morales*, No. 05-CV-0064, 2005 WL 2476264, at *3 (E.D.N.Y. Oct. 7, 2005) (citing *Bambu Sales, Inc. v. Ozak Trading, Inc.*, 58 F.3d 849, 854 (2d Cir. 1995)). The only question remaining, then, is whether Plaintiffs have provided adequate support for the relief they seek. *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158. The moving party need only prove "that the compensation sought relate to the damages that naturally flow from the injuries pleaded." *Id.* at 159.

In determining damages not susceptible to simple mathematical calculations, Federal Rule 55(b)(2) gives courts discretion to determine whether an evidentiary hearing is necessary or

whether to rely on detailed affidavits or documentary evidence. *Action S.A. v. Marc Rich and Co., Inc.,* 951 F.2d 504, 508 (2d Cir. 1989). The moving party is entitled to all reasonable inferences from the evidence it offers. *Au Bon Pain Corp. v. Artect, Inc.,* 653 F.2d 61, 65 (2d Cir. 1981).

## IV. DAMAGES

Plaintiffs have submitted the following documents in support of their request for an award of damages: (A) the January 24, 2011 Declaration of Gillian Costello [DE 5], outside counsel for Plaintiffs, which attaches a Statement of Damages setting forth the amounts sought; (B) the Declaration of Viorel Kuzma [DE 10], Payroll Audit Manager for Plaintiffs' accountants, to which exhibits are annexed, including (1) the Independent Accountants' Report for January 1, 2009 through August 31, 2009, and (2) a letter from Plaintiffs' accountant to Defendants stating amounts owed for the relevant time period; (C) the March 25, 2011 Declaration of Gillian Costello [DE 11], which attaches supporting documents for Plaintiffs' request for costs and attorney's fees; and (D) the Declaration of Lois Fusco [DE 12], Plaintiffs' Fund Administrator, which attaches (1) the Collective Bargaining Agreement between the parties, (2) the schedule setting allocations of Defendant's contributions to the Funds, (3) a letter from Plaintiffs to Defendant requesting delinquent contributions, and (4) Plaintiffs' Delinquent Collection Policy and Procedures.

The Court finds Plaintiffs' submissions to be sufficient evidence to form the basis for an award of damages. The following discussion assesses the amount of damages to which Plaintiffs are entitled based upon the information set forth in Plaintiffs' submissions which have now been evaluated by the Court. Plaintiffs seek to recover damages in the amounts of $3,502.56 for

unpaid benefits, $554.57 in interest on the unpaid benefits, $700.51 in liquidated damages, $2,025 in attorney's fees, and $420.00 for costs.

A.  **Principal**

Plaintiffs seek to recover unpaid benefits earned by the covered employees under the CBA between January 1, 2009 and August 31, 2009. Plaintiffs allege that Defendant entered into the CBA, was required to make certain contributions in accordance with the terms of that agreement, and failed to do so. In light of Defendant's default, these allegations are accepted as true and Defendant is liable for the unpaid benefits.

Plaintiffs seek unpaid benefit contributions in the amount of $3,502.56. In support of this request, Plaintiffs submitted a March 19, 2010 Independent Accountants' Report performed by CPAs hired by Plaintiffs. *See* DE 10, Exhibit A. The Independent Accountant's Report covers the period January 1, 2009 through August 31, 2009 and lists the procedures followed by the auditor as well as the subsequent findings. The report also contains a worksheet entitled "Fringe Benefit Deficiency" which lists each employee for whom benefits are owed and calculates the number of hours for which benefits are owed (*i.e.,* the number of hours worked by the employee which Defendant did not report to the Funds). *See* DE 10, Exhibit A. The procedures employed in preparing the Independent Accountant's Report are further detailed in the Declaration of Viorel Kuzma. *See* DE 10. Pursuant to the CBA, the rates at which contributions are owed to the Funds are set by vote of the union's members. *See* DE 12 ¶ 3. The rates in place during the time period at issue in this case are set forth in charts attached to the Declaration of Lois Fusco. *See* DE 12, Exhibit B.

The Court's review of the records submitted by Plaintiffs reveals that the amount of delinquent benefit contributions is $3,502.56, which Defendant has not paid despite its contractual obligation to do so. Accordingly, I respectfully recommend to Judge Spatt that damages be awarded in favor of Plaintiff in the amount of $3,502.56 for unpaid benefit contributions.

B.  **Interest on Unpaid Contributions**

Under ERISA, the Funds are entitled to recover interest on unpaid fringe benefit contributions at "the rate provided under the plan, or if none, 'the rate prescribed under section 6621 of Title 26.'" *Cement & Concrete Workers Dist. Council Welfare Fund v. Azzarone Contracting Corp.*, No. 06 CV 2953, 2007 WL 2712314, at *3 n.4 (E.D.N.Y. Sept. 13, 2007) (quoting 29 U.S.C. § 1132(g)(2)). Here, Plaintiffs contend they are entitled to interest at a rate of 10% per year on the outstanding and unpaid benefit contributions. *See* DE 5, Exhibit C, DE 11 ¶5, DE 12 ¶ 9. That assertion is supported by Section IV of the Funds' Delinquency Collection Policy and Procedures, which provides, in pertinent part, as follows: "If the Funds have not received the Remittance Report and/or payment on Delinquent Contributions within twenty (20) days of the Delinquency Date, the Delinquent Employer will be liable not only for the Delinquent Contributions but also for interest on the Delinquent Contributions at a rate of 10%." DE 12, Exhibit D.[1]

Using the principal amount of $3,502.56, Plaintiffs calculate the interest owed for the period September 1, 2009 through March 25, 2011 to be $554.57, and the Court finds such

---

[1] The Funds' Delinquency Collection Policy and Procedures are binding on Defendants pursuant to Article XI, Section 3 of the CBA. *See* DE 12, Exhibit A.

calculations to be accurate and in accordance with the terms of the CBA. Accordingly, I respectfully recommend to Judge Spatt that Plaintiffs be awarded interest on the delinquent benefit contributions in the amount of $554.57.

### C. Liquidated Damages

Plaintiffs also seek an award of liquidated damages as contemplated by the CBA and ERISA. *See* DE 12, ¶ 10. Plaintiffs are entitled to liquidated damages "in an amount not in excess of 20 percent of the principal amount due," pursuant to 29 U.S.C. § 1132(g)(2)(c). *See Cement & Concrete Workers Dist. Council Welfare Fund,* 2007 WL 2712314, at *3.[2] In addition, the Funds' Delinquency Collection Policy and Procedures provides that for delinquent contributions, "[i]n any suit commenced against an Employer for Delinquent Contributions and interest, the Funds are entitled to and shall seek . . . (c) liquidated damages in an amount equal to the greater of (i) the interest on unpaid Contributions or (ii) an amount equal to twenty percent (20%) of the unpaid contributions. . . ." DE 12, Exhibit D. Here, interest on the outstanding contributions is calculated at 10%, and therefore, liquidated damages should be calculated under subsection (b) at 20%.

As discussed above, the principal amount of unpaid benefits is $3,502.56. Plaintiffs request an award of liquidated damages in the amount of $700.51 which the Court finds to be an accurate calculation. *See* DE 5, Exhibit C; DE 11 ¶ 6; DE 12 ¶ 10. Accordingly, I respectfully

---

[2] Specifically, the statute provides that Plaintiffs are entitled to liquidated damages in "an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent" of the unpaid contributions. 29 U.S.C. § 1132(g)(2)(C).

recommend to Judge Spatt that Plaintiffs be awarded liquidated damages in the sum of $700.51 (or 20% of $3,502.56).

### D. Attorney's Fees and Costs

Plaintiffs seek reimbursement for attorney's fees and costs. "An award of costs and reasonable attorney's fees, in an action such as this to recover unpaid union fringe benefit contributions is mandatory." *Mason Tenders Dist. Council Welfare Fund. v. A.G.I., Inc.*, No. 03-cv-1238, 2005 WL 1565831, at *6 (S.D.N.Y. June 8, 2005) (citing, *inter alia* 29 U.S.C. § 1132(g)(2)). The recovery of attorney's fees and costs is also provided for in Section IV of the Funds' Delinquency Collection Policy and Procedures. *See* DE 12, Exhibit D.

First, Plaintiffs seek costs in the amount of $420. Courts typically award "those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir.1987) (citation omitted). Here, Plaintiffs' request for costs consists of $350 paid to the Clerk of this Court for the filing fee in this action, $30 paid to a process server for service of the Summons and Complaint upon Defendant, and $40 for serving the Summons and Complaint through the New York Secretary of State. *See* DE 11 ¶ 8 & Exhibit B. The Court finds that these costs were incurred by Plaintiffs in connection with the filing and service of the Complaint in this action and that appropriate supporting documentation has been provided. Accordingly, I respectfully recommend to Judge Spatt that Plaintiffs be awarded costs in the amount of $420.

Secondly, Plaintiffs request attorney's fees in the amount of $2,025. Courts within the Second Circuit determine attorney's fees in federal litigation according to a standard of a "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County*

*of Albany*, 522 F.3d 182, 183, 189 (2d Cir. 2007), *amending* 493 F.3d 110 (2d Cir. 2007). This number should represent "what a reasonable, paying client would be willing to pay" for legal services rendered, and a court should consider the following factors in its calculation:

> [T]he complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether the attorney had an interest (independent of that of his client) in achieving the ends of the litigation or initiated the representation himself, whether the attorney was initially acting pro bono (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) the attorney expected from the representation.

*Id*. at 184, 190.

The "presumptively reasonable fee" is comprised of a "reasonable hourly rate multiplied by a reasonable number of expended hours." *Finkel v. Omega Commc'n Servs., Inc.*, 543 F. Supp. 2d 156, 164 (E.D.N.Y. 2008) (citations omitted). "The party seeking reimbursement of attorney's fees must demonstrate the reasonableness and necessity of hours spent and rates charged." *Id*. (citing *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir.1983)).

To determine reasonable hourly rates, the Court must refer to "the prevailing [market rates] in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). The Court must also consider the factors enumerated by the Fifth Circuit in

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974)[3] and remain mindful that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill*, 522 F.3d at 190.

Generally, "hourly rates for attorneys approved in recent Eastern District of New York cases have ranged from $200 to $350 for partners, $200 to $250 for senior associates, $100 to $150 for junior associates, and $70 to $80 for legal assistants." *Said v. SBS Elecs., Inc.*, No. CV 08-3067, 2010 WL 1265186, at *10 (E.D.N.Y. Feb. 24, 2010) (quoting *Fuchs v. Tara Gen. Contracting, Inc.*, No. CV 06-1282, 2009 WL 3756655, at *2 (E.D.N.Y. Nov. 3, 2009); *see also Finkel v. Tripe A Group, Inc.*, No. 07-CV-2653, 2010 WL 1688359, at *3 (E.D.N.Y. Apr. 27, 2010) (in delinquent contribution case under ERISA, the court found attorney's hourly rates ranging from $200 to $225 to be reasonable); *Gesualdi v. Mack Excavation & Trailer Serv., Inc.*, No. 09-CV-2502, 2010 WL 985294, at *3 (E.D.N.Y. Mar. 15, 2010) (awarding attorney's fees based upon $275 hourly rate in ERISA default judgment action based upon counsel's 40 years of legal experience and ERISA expertise); *Cho v. Koam Med. Servs. PC*, 524 F. Supp. 2d 202, 207 (E.D.N.Y. 2007) (awarding fees in FLSA and New York Labor Law case based on $250 hourly rate for partner, $150 hourly rate for associate, and $75 hourly rate for legal assistant)); *Corbett v. Reliance Moving & Storage, Inc.*, No. 1:00-cv-07656, 2007 U.S. Dist. LEXIS 96747, at *13-*15

---

[3] The *Johnson* factors are: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitation imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." 488 F.2d at 717-19.

(E.D.N.Y. May 30, 2007) (awarding an hourly rate of $250 per partner, $200 per senior associate, $150 per junior associate); *T & M Meat Fair, Inc. v. United Food and Commercial Workers, Local 174*, No. 00 Civ. 7968, 2002 WL 31202711, at *4 (S.D.N.Y. Sept. 25, 2002) (plaintiffs' counsel's hourly rate of $250 held reasonable in ERISA case).

To determine whether the number of hours spent by Plaintiffs' counsel was reasonable, the Court must "use [its] experience with the case, as well as [its] experience with the practice of law, to assess the reasonableness of the hours spent . . . in a given case ." *Fox Indus., Inc. v. Gurovich,* No. CV 03-5166, 2005 WL 2305002, at *2 (E.D.N.Y. Sept. 21, 2005) (quoting *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir.1992)). A court should "exclude hours that were 'excessive, redundant, or otherwise unnecessary' to the litigation . . . ." *Cho*, 524 F. Supp. 2d at 209 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)). "In lieu of making minute adjustments to individual timekeeping entries, a court may make across-the-board percentage cuts in the number of hours claimed, 'as a practical means of trimming fat from a fee application.'" *Chan v. Sung Yue Tung Corp.*, No. 03 Civ. 6048, 2007 WL 1373118, at *5 (S.D.N.Y. May 8, 2007) (quoting *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 226, 237 (2d Cir.1987)).

A party seeking an award of attorney's fees bears the burden to document "the hours reasonably spent by counsel, and thus must support its request by providing contemporaneous time records reflected, for each attorney and legal assistant, the date, the hours expended, and the nature of the work done." *Cho*, 524 F. Supp. 2d at 209 (internal citations, quotation marks, and alteration omitted). In the instant case, in support of the request for attorney's fees, Plaintiffs' counsel, Gillian Costello, submitted a Declaration in which she states that she is a member of the

firm Spivak Lipton LLP and that her hourly rate is $225.00. *See* DE 11. Attached to Ms. Costello's Declaration is a statement of attorney's fees describing the tasks performed on behalf of Plaintiffs in connection with the case and the amount of time spent on each task. *Id.*, Exhibit A. These records show that counsel spent a total of 9 hours on tasks related to prosecution of this action on behalf of Plaintiffs. Based upon the documentation provided to the Court, I find counsel's hourly rate to be reasonable, and such rate is well within the parameters found reasonable by other courts in this District, as discussed above. The number of hours expended in bringing this case to a resolution, as set forth in counsel's Declaration, is likewise reasonable.

Accordingly, I respectfully recommend to Judge Spatt that Plaintiffs be awarded the requested attorney's fees in the amount of $2,025 (9 hours multiplied by $225 hourly rate), bringing the total award for attorney's fees and costs ($420) to $2,445.

## V.    CONCLUSION

Based upon the foregoing information, I respectfully recommend to Judge Spatt that Plaintiffs be awarded damages as follows: (i) $3,502.56 for unpaid benefits; (ii) $554.57 in interest on the unpaid benefits; (iii) $700.51 in liquidated damages; and (iv) $2,445 in attorney's fees and costs. Therefore, the total amount of recommended damages is $7,202.64.

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6(a) and (e). Such objections shall be filed with the Clerk of the Court via ECF. A courtesy copy of any objections filed is to be sent to the chambers of the Honorable Arthur D. Spatt, and to the chambers of the undersigned. Any requests for an extension of time for filing objections must be directed to Judge Spatt prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 188 F.3d 900, 901 (2d Cir. 1997), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**Counsel for the Plaintiffs is directed to serve a copy of this Report and Recommendation on the Defendant forthwith and to file proof of service on ECF.**

                                                           **SO ORDERED.**

Dated: Central Islip, New York
       August 30, 2011

                                                    /s/ A. Kathleen Tomlinson
                                                    A. KATHLEEN TOMLINSON
                                                    U.S. Magistrate Judge